[CONSTRUCTION OF STATUTE.]

## The UNITED STATES v. KELLY and Others.

Although the Crimes Act of 1790, c. 36. [ix.] s. 12. does not define the offence of *endeavouring to make a revolt,* it is competent for the Court to give a judicial definition of it.

The offence consists in the endeavour of the crew of a vessel, or any one or more of them, to overthrow the legitimate authority of the commander, with intent to remove him from his command, or against his will to take possession of the vessel by assuming the government and navigation of her, or by transferring their obedience from the lawful commander to some other person.

THE defendants, Kelly and others, were indicted in the Circuit Court for the District of Pennsylvania, for that the defendants, on the 24th of December, 1824, being seamen on board a merchant vessel of the United States, called the Lancaster, on the high seas, feloniously endeavoured to make a revolt in the said vessel, contrary to the act of Congress of the 30th of April, 1790, c. 36. [ix.] s. 12. The defendants were found guilty, and moved the Court in arrest

1826.

The U. S.
v.
Kelly.

of judgment, upon the ground, " that the act of Congress does not define the offence of endeavouring to make a revolt, and that it was not competent to the Court to give a judicial definition of a crime heretofore unknown." The opinions of the Judges of the Court below being divided upon this motion, the case was certified to this Court for determination.

*March 9th.*   The cause was submitted without argument by the *Attorney General* for the United States, no counsel appearing for the prisoners.

*March 10th.*   Mr. Justice WASHINGTON delivered the opinion of the Court.

This case comes before the Court upon a certificate of a division of opinion of the Judges of the Circuit Court for the eastern district of Pennsylvania, upon the following point assigned by the defendants as a reason in arrest of judgment, viz. " that the act of Congress does not define the offence of endeavouring to make a revolt, and it is not competent to the Court to give a judicial definition of an offence heretofore unknown."

This Court is of opinion, that although the act of Congress does not define this offence, it is, nevertheless, competent to the Court to give a judicial definition of it. We think, that the offence consists in the endeavour of the crew of a vessel, or any one or more of them, to overthrow the legitimate authority of her commander, with intent to remove him from his command, or against his will to take possession of

the vessel by assuming the government and navigation of her, or by transferring their obedience from the lawful commander to some other person.

1826.

The U. S.
v.
Tappan.

Certificate accordingly.